**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAMER SALAH, | ) | |
| | ) | Case No.: 1:17-cv-08228 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Honorable Charles P. Kocoras |
| SYNCHRONY BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SYNCHRONY BANK'S MOTION TO REASSIGN AND CONSOLIDATE

Defendant Synchrony Bank, by and through counsel, respectfully submits this motion pursuant to Federal Rule of Civil Procedure 42 and Local Rule 40.4 to reassign to this Court the subsequently filed related cases of (1) *Tamer Salah v. Synchrony Bank,* Case No. 1:17-cv-08289 pending before the Honorable Sharon J. Coleman ("First Related Action") and (2) *Tamer Salah v. Synchrony Bank,* Case No. 1:17-cv-08479 pending before the Honorable Amy J. St. Eve ("Second Related Action"; collectively, the "Related Actions"). Plaintiff has brought claims against Synchrony Bank in each of these three separate actions, both pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* for alleged collection calls placed through the use of automatic telephone dialing system to Plaintiff's cellular telephone without his consent and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, for allegedly contacting the Plaintiff in an unfair and deceptive fashion. Because all three lawsuits involve identical parties and common questions of fact and law, there is a substantial risk of inconsistent results at trial absent consolidation. Moreover, unless the cases are consolidated, there will undoubtedly be a duplication of discovery, evidence, and procedures, wasting the court's valuable resources.

Accordingly, Synchrony respectfully requests that this Court: (i) find that the Related Actions satisfy Local Rule 40.4, and (ii) forward that finding and this Request to the Executive Committee to reassign the Related Actions to this Court for all further proceedings. In support of this motion, Synchrony states as follows:

## I.  BACKGROUND

1.      On November 13, 2017, Plaintiff filed the instant action.  In his Complaint, Plaintiff alleges violations of and seeks relief under the TCPA and ICFA in relation to Plaintiff's Old Navy credit card account with Synchrony.  [Dkt. No. 1].

2.      On November 15, 2017, Plaintiff filed *Tamer Salah v. Synchrony Bank,* Case No. 1:17-cv-08289, in which he also alleges violations of and seeks relief under the TCPA and ICFA in relation to Plaintiff's Gap credit card account with Synchrony.  *See* First Related Action Complaint attached as **Exhibit A**.

3.      On November 21, 2017, Plaintiff filed *Tamer Salah v. Synchrony Bank, Case No.* 1:17-cv-08479, in which he also alleges violations of and seeks relief under the TCPA and ICFA in relation to Plaintiff's JCPenney credit card account with Synchrony.  *See* Second Related Action Complaint attached as **Exhibit B**.

4.      On or about on December 1, 2017 Synchrony was served in the Second Related Action.

5.      On or about December 4, 2017, Synchrony was served in both the instant action and the First Related Action.

6.      As such, the Complaints in both the instant action and the Related Actions allege the same type of violation of and seek identical redress under the TCPA and ICFA – the only difference is Plaintiff's credit card accounts with Synchrony.  Thus, it is clear that Plaintiff's claims in the instant action and Related Actions arise from common questions of law and fact.

## II.   <u>ARGUMENT</u>

**A.**      <u>The Related Actions are "Related" To The Present Action Under Local Rule 40.4(a)</u>

7.      Local Rule 40.4(a) provides, in pertinent part, as follows:

> Two or more civil cases may be related if one or more of the following conditions are met:
>
> (1)      the cases involve the same property;
>
> (2)      the cases involve some of the same issues of fact or law;
>
> (3)      the cases grow out of the same transaction or occurrence; or
>
> (4)      in class action suits, one or more of the classes involved in the cases is or are the same.

8.      The cases need not be absolutely identical to be related for purposes of satisfying Local Rule 40.4. *See Fairbanks Capital Corp. v. Jenkins,* No. 12 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (granting reassignment based on Relatedness). Indeed, as this Court has noted, following *Fairbanks*: "Two cases need not be absolutely identical to be related for purposes of LR 40.4. If some of the same issues of fact or law are common, that can be sufficient to establish relatedness." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.,* No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. April 23, 2008) (Kocoras, J.). Thus, this Court held that when "the cases are fundamentally similar," motions to reassign based on relatedness are proper. *Global Patent Holdings,* 2008 WL 1848142, at *4 (granting motion under LR 40.4).

9.      The Related Actions are related to the instant action under Local Rule 40.4(a) because of at least two key components: (i) the issues of law involving the TCPA claims are the same in all matters; and (ii) the issues of law involving the ICFA claims are the same in all matters.

10.      There are common questions of law and fact with respect to the Related Actions and instant action. First, both cases have identical issues in that the substantive claims in the

Related Actions are the same claims directly at issue in the instant action. Specifically, all three actions involve nearly identical alleged violations of the TCPA for alleged collection calls placed through the alleged use of an automatic telephone dialing system to Plaintiff's cellular telephone without his consent as well as the ICFA for alleged contact with the Plaintiff in an unfair fashion.

**B.     The Conditions for Reassignment Based On Relatedness Are Satisfied Under Local Rule 40.4(b)**

11.     Once a court has found two cases or more to be "related" under LR 40.4(a), the Court can reassign the latter-filed case if the following criteria of Rule 40.4(b) are then met:

> (1)     both cases are pending in this Court;
>
> (2)     the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
>
> (3)     the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
>
> (4)     the cases are susceptible of disposition in a single proceeding.

12.     Like Rule 40.4(a), the requirements for relatedness under Rule 40.4(b) are also met. As this Court has remarked, "the reassignment mechanism is primarily concerned with judicial efficiency." *Global Patent Holdings, LLC*, 2008 WL 1848142, at *4. Examining the Rule 40.4(b) factors, when measured against the circumstances presented, demonstrates that reassignment for relatedness will further the goal of judicial efficiency.  Having all the related matters before this court clearly promotes judicial efficiency.

13.     First, it is undisputed that this case and the Related Actions are all pending in the Northern District of Illinois, Eastern Division.

14.     Second, handling these cases together before a single judge will save substantial judicial resources.  Only one court will have to decide the issue of whether Synchrony's telephone system used to call the plaintiffs in both matters constitutes an "automatic telephone

dialing system" as defined by the TCPA. Having only a single judge decide this critical issue is a highly significant factor in the reassignment calculus. *See Fairbanks Capital Corp,* 2002 WL 31655277, at *2 ("Reassignment of all of the cases to this Court's calendar will permit these issues to be briefed and determined once; rather than four separate times, which will result in a substantial saving of judicial time and effort….").  Equally significant from a judicial efficiency standpoint is that the discovery regarding these alleged violations flowing from these alleged violations are identical.  As such, practically all discovery will flow from the same source.

16.     Third, the instant action and the Related Actions were recently filed at almost identical dates in November 2017, and therefore, designating the Related Actions as related would not delay the proceedings of the instant matter.

17.     Fourth, the key issue of whether Synchrony used an ATDS as defined by the TCPA to call Plaintiff's cellular phone is susceptible of disposition in a single proceeding on account of the substantial overlap and legal and factual issues under that claim.  The issues of fact and law are virtually identical with one another among the instant action.

### III. CONCLUSION

For the foregoing reasons, Defendant Synchrony Bank respectfully moves this Court for an order finding that *Tamer Salah v. Synchrony Bank,* Case No. 1:17-cv-08289 and *Tamer Salah v. Synchrony Bank,* Case No. 1:17-cv-08479 are related to the instant action under Local Rule 40.4, and that these cases be consolidated and reassigned to this Court for all further proceedings.


Dated:  January 11, 2018                              Respectfully submitted,

                                                     **SYNCHRONY BANK**

By*: Colette M. Willer*

Colette M. Willer (IL Bar No. 6304298)
Reed Smith LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
(Tel) 312-207-1000
(Fax) 312-207-6400
cwiller@reedsmith.com

*Attorneys for Defendant Synchrony Bank*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 11, 2018 a copy of foregoing was filed electronically.

Parties may access this filing through the Court's CM/ECF System.

By: */s/ Colette M. Willer*
Colette M. Willer