UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMER SALAH, ) | |
| ) | Case No.: 1:17-cv-08228 |
| Plaintiff, ) | Case No.: 1:17-cv-08289 |
| v. ) | Case No.: 1:17-cv-08479 |
| ) | |
| SYNCHRONY BANK, ) | |
| ) | Honorable Charles P. Kocoras |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF <u>CIVIL PROCEDURE 12(b)(6)</u>**

In each of the three Complaints now consolidated into this action, Plaintiff Tamer Salah asserts that Defendant Synchrony Bank violated the Illinois Consumer Fraud and Deceptive Practices Act's proscription of "unfair acts" when it allegedly called his cell phone without his consent. But his claims must be dismissed because he fails to plead facts showing that receiving the calls was "oppressive" or caused the "substantial injury" required of Illinois law. *See Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 418, 775 N.E.2d 951, 961 (2002). Because Plaintiff's alleged damages are limited to a de minimis expense, emotional distress and other non-monetary damages, and because the "totality" of the facts fall far short of showing oppressive conduct or substantial injury – *see Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006) – Count II of the Plaintiff's consolidated Complaints must be dismissed.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed three separate complaints against Synchrony Bank, each alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS § 505 ("ICFA"). The complaints were consolidated

before this Court on January 18, 2018, on motion of Synchrony Bank. (Dkt. 15).

This consolidated action arises out of the same set of facts in that Plaintiff alleges he defaulted on his debt, received calls from Synchrony, and requested Synchrony stop calling him. In Count II of Plaintiff Complaints, Plaintiff alleges that Synchrony violated the ICFA. Without factual support, Plaintiff alleges that he had no choice but to submit to Synchrony's alleged calls, and as a result incurred damages in the form of decreased battery life of his cellular, loss of subscribed minutes, among other de minimis damages.

## II. STANDARD OF REVIEW

A complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead enough facts to state a claim for relief that is "plausible" (as opposed to just "conceivable"). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* Thus, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

## III. ARGUMENT

Plaintiff's claim against Synchrony for violation of the ICFA fails for at least two reasons. First, Plaintiff must allege facts showing that the alleged conduct was "immoral, unethical, oppressive, or unscrupulous," which he has not. Second, Plaintiff must allege facts that Synchrony's unfair trade practice has caused him or others "substantial injury"; but Plaintiff's alleged damages here – e.g., lost battery life, electricity costs, etc. – are the very model of insubstantiality. Accordingly, Plaintiff's ICFA claims against Synchrony fail to state a claim upon which relief can be granted, and the Court should dismiss Count II of Plaintiff's

consolidated Complaints.

Under Illinois law, a court will consider three factors in determining whether conduct is "unfair" under the ICFA: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. *Robinson*, 201 Ill.2d at 418. Courts look to the "totality" of the allegations in applying the *Robinson* test. *Rossario's Fine* Jewelry, 443 F. Supp. 2d at 980. While Synchrony does not concede that its conduct "offends public policy," Plaintiff's ICFA counts here must be dismissed because the alleged conduct was not "oppressive" and did not result in "substantial injury." *See Rossario's Fine Jewelry*, 443 F. Supp. 2d at 979 ("[T]he patent inapplicability of the other two factors to [the] one-page fax advertisement heavily outweighs that one element in the evaluation …."); *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929, 937 (N.D. Ill. 2009) (conduct that is neither oppressive nor causes substantial injury cannot state an ICFA claim).

> **a. Plaintiff fails to state a claim for "unfair trade practices" because he has not pleaded facts showing that the receipt of calls was "oppressive."**

Conduct is only "oppressive" under the ICFA if the conduct leaves the consumer "with little alternative except to submit to it." *Golbeck v. Johnson Blumberg & Assocs., LLC*, No. 16-CV-6788, 2017 WL 3070868, at *14 (N.D. Ill. July 19, 2017); *Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 833 (7th Cir. 2014) (citing *Robinson*, 775 N.E.2d at 961). Only where conduct truly leaves a plaintiff without options can the conduct be said to be oppressive. For example, a court in this District held that the receipt of calls did not amount to oppression because of the ease of downloading a call blocking application. *Battle v. Bridgepoint Educ., Inc.*, No. 16 CV 9513, 2017 WL 748634, at *1 (N.D. Ill. Feb. 27, 2017). *See Rossario's Fine Jewelry*, 443 F. Supp. 2d at 979; *W. Ry. Devices Corp. v. Lusida Rubber Products, Inc.*, No. 06-CV-0052, 2006 WL 1697119, at *5 (N.D. Ill. June 13, 2016) (unwanted fax not oppressive); *Robinson*, 201 Ill.

2d at 420 (car rental lease not oppressive where consumer could patron other dealers). Here, in all three of Plaintiff's Complaints, Plaintiff merely conclusory alleges that he had "no choice" but to submit to the alleged calls. Instead of pleading facts, Plaintiff simply parrots the statutory standard. For example, Plaintiff does not allege that his cell phone lacked the common function that allows a user to reject incoming calls. Nor does Plaintiff allege that he was unable to obtain a free application to block incoming calls. Therefore, the ICFA claim in Count II of each of Plaintiff's consolidated Complaints should be dismissed.

### b. Plaintiff also fails to plead facts showing that the receipt of calls caused "substantial injury."

In addition to failing to plead that Synchrony's alleged actions were oppressive, Plaintiff also fails to allege facts that Synchrony's conduct caused him or others "substantial injury." "Substantial injury" means that the practice "causes significant harm to the plaintiff and has the potential to cause injury to a large number of consumers." *Dolemba v. Ill. Farmers Ins. Co.*, 213 F. Supp. 3d 988, 998 (N.D. Ill. 2016) (quoting *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.,* 633 F. Supp. 2d 610, 616 (N.D. Ill. 2009)). Furthermore, a practice causes substantial injury if the injury is "(1) substantial; (2) not outweighed by any countervailing benefits to consumers or competition that the practice produces; and (3) one that consumers themselves could not reasonably have avoided.'" *Phillips v. Double Down Interactive LLC*, 173 F. Supp. 3d 731, 743 (N.D. Ill. 2016) quoting *Batson*, 746 F.3d at 834.

Courts regularly dismiss ICFA claims based on injuries that fail to meet the substantial injury requirement. For instance, as recently as October of 2017, Judge Coleman dismissed a nearly identical ICFA count brought by Plaintiff's counsel in the *Vessel v. Alarm.com* matter in which the court reasoned that plaintiff's alleged damages including "increased usage of her telephone services, loss of cell phone capacity, and battery life, are not the kind of injuries that

qualify as actual damage under the ICFA." *Vessal v. Alarm.com*, No. 17 C 2188, 2017 WL 4682736, at *4 (N.D. Ill. Oct. 18, 2017). *See*, *e.g.*, *Helping Hand Caregivers, Ltd. v. Darden Rests, Inc.,* No. 14 CV 10127, 2015 WL 2330197, at *5 (N.D. Ill. May 14, 2015) (granting motion to dismiss because "[f]orty people receiving a one page fax does not amount to a 'substantial injury'" and a reading of the complaint should not "presume a class size large enough to transform an insubstantial injury into a substantial one"); *Old Town Pizza of Lombard, Inc. v. Corfu-Tasty Gyro's, Inc.*, No. 11-cv-6959, 2012 WL 638765, at *5 (N.D. Ill. Feb. 23, 2012) (concluding that whatever harm was caused by unsolicited fax was not "substantial"); *see also Robinson*, 201 Ill.2d at 420 (car rental lease that imposes $0.10 for each mile driven in excess of 15,000 does not impose substantial injury).

Additionally, this District has held that alleged damages of "'loss of time and loss of battery life'" are "so negligible from an economic standpoint as to render any damages unquantifiable.'" *Dolemba v. Kelly Servs., Inc.*, 16 C 4971, 2017 WL 429572, at *4 (N.D. Ill. Jan. 31, 2017) (citing *Warciak v. One, Inc.*, No. 16 C 7426, 2016 WL 7374278, at *5 (N.D. Ill. Dec. 20, 2016)). *See also Stonecrafters, Inc.*, 633 F. Supp. 2d 610, at 617 (even "thousands" of unwanted faxes could not be "substantial").

Similarly, even multiple telephone calls to Plaintiff's cell allegedly resulting "aggravation" or "loss of cellular phone capacity," do not constitute "substantial injury" to support an ICFA unfairness claim. Plaintiff's conclusory statement that he suffered "concrete harm," consisting of vague, conclusory statements that he has suffered "emotional distress," "aggravation," and an "increased risk of personal injury from distraction," and decreased battery life, are negligible from an economic standpoint (Compl. (Case No. 17-cv-8228) at ¶ 24; Compl. (Case No. 17-cv-8289) at ¶ 24; Compl. (Case No. 17-cv-8479) at ¶ 24.) *See Dolemba*, at *4.

Because Plaintiff has not alleged facts showing oppression or substantial injury, the Court should dismiss Count II of each of Plaintiff's consolidated Complaints.

## IV. CONCLUSION

Plaintiff Tamer Salah, by his ICFA counts against Defendant Synchrony Bank has failed to show that the calls were "oppressive" or that he has suffered "substantial injury," as required. Accordingly, Synchrony respectfully requests that this Honorable Court enter an Order dismissing Count II of Plaintiff's consolidated Complaints with prejudice.

Dated: January 25, 2018

Respectfully submitted,

**SYNCHRONY BANK**

By: *Colette M. Willer*
Colette M. Willer (IL Bar No. 6304298)
Reed Smith LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
 (Tel) 312-207-1000
(Fax) 312-207-6400
cwiller@reedsmith.com

*Attorneys for Defendant Synchrony Bank*

**CERTIFICATE OF SERVICE**

    I, Colette M. Willer, an attorney, hereby certify that on January 25, 2018, I caused a true and correct copy of the foregoing to be served via the CM/ECF system, which will send notification of such filing to the e-mail address of all counsel of record.

                                                  */s/ Colette M. Willer*